1          UNITED STATES DISTRICT COURT

2       EASTERN DISTRICT OF NEW YORK (BROOKLYN)

3    UNITED STATES OF AMERICA,
                                    Case No. 1:24-cr-00389-JRC-LDH
4              Plaintiff,           JRC-1

5    v.                             Brooklyn, New York
                                    October 30, 2024
6    MAHMUD MOLLAH,                 10:34 a.m.

7              Defendant.
     _____

8

9             TRANSCRIPT OF PLEA AGREEMENT HEARING
              BEFORE THE HONORABLE JAMES R. CHO
10              UNITED STATES MAGISTRATE JUDGE

     APPEARANCES:
11   For the Plaintiff:            Benjamin Weintraub, Esq.
                                   David I. Berman, Esq.
12                                 U.S. Attorney's Office
                                   271-A Cadman Plaza East
13                                 Brooklyn, NY 11201

14   For the Defendant:            Andrew Levin, Esq.
                                   DiFiore Levin, LLC
15                                 200 Barr Harbor Drive
                                   Suite 400
16                                 Conshohocken, PA 19428

17   Clerk:                        SGC

18   Court Recorder:               Electronic Sound Recording

19   Transcription Service:        Chris Hwang
                                   Abba Reporting
20                                 PO Box 223282
                                   Chantilly, Virginia  20153
21                                 (518) 302-6772

22

23

24   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
25

1          (Call to order at 10:34 a.m.)

2              THE CLERK:  Criminal cause for a plea hearing, case

3    number 24-CR-389, United States v. Mahmud Mollah.  Counsel,

4    please state your name for the record, beginning with the

5    Government?

6              MR. WEINTRAUB:  Good morning, Your Honor, Benjamin

7    Weintraub and David Berman for the United States.

8              THE COURT:  Good morning.

9              MR. LEVIN:  Good morning, Your Honor, Andrew Levin on

10   behalf of Mr. Mollah.

11             THE COURT:  All right, good morning, everyone.

12             To confirm, are you Mahmud Mollah?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Yes, all right.  Am I pronouncing your

15   last name correctly?

16             THE DEFENDANT:  Yes.

17             THE COURT:  Mollah?  All right, if I ever

18   mispronounce it, please correct me, okay?  All right, good

19   morning.  I'm Judge Cho.  It's my understanding that you wish

20   to plead guilty to a charge in an Information that the

21   Government plans to file against you.  Is that correct?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  All right, and that you also wish to

24   waive indictment as well.  Is that correct?

25             THE DEFENDANT:  Yes.

1      THE COURT:  All right, now this is a very serious

2    decision.  And I have to make sure you understand all of your

3    rights and the consequences of your waiver and your plea.

4      I will have to ask you some questions that will

5    require that your answers be made under oath.  So, at this

6    time, my deputy will swear you in, okay?

7      THE CLERK:  Please bring the microphone closer to you

8    and stand and raise your right hand.

9      (The Defendant is sworn)

10      THE CLERK:  Thank you.  You may be seated.

11      THE COURT:  Yeah, for all our benefit, just pull the

12    microphone up closer to you and make sure we can all hear you,

13    okay?

14      All right, Mr. Mollah, do you understand that having

15    now been sworn, your answers to my questions will be subject to

16    the penalties of perjury or of making a false statement if you

17    do not answer truthfully.  Do you understand that?

18      THE DEFENDANT:  Yes, Your Honor.

19      THE COURT:  All right.  That means that if you answer

20    falsely to any of my questions, the Government may prosecute

21    you for perjury or making a false statement and may use any of

22    your false statements today during that prosecution.  Do you

23    understand that?

24      THE DEFENDANT:  Yes.

25      THE COURT:  All right, Mr. Mollah, I first want you

1   to understand that this is Judge DeArcy Hall's case.  She is

2   the judge who will sentence you and make the ultimate decision

3   as to whether to accept your guilty plea or not.

4           If you wish, you have the absolute right to plead

5   guilty before her and they'll be no prejudice to you at all.

6   Or if you wish, I will listen to your plea, a transcript will

7   be made by a court reporter, and Judge DeArcy Hall will review

8   the transcript in connection with your sentence.  Do you

9   understand all that?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Do you wish to give up your right to have

12  Judge DeArcy Hall hear your plea and instead proceed before me

13  today?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Do you make this decision voluntarily and

16  of your own free will?

17          THE DEFENDANT:  Yes.

18          THE COURT:  Has anyone threatened you or have any

19  promises been made to you to induce you to plead before me?

20          THE DEFENDANT:  No, Your Honor.

21          THE COURT:  All right, I have before me a form

22  entitled "consent to have a plea taken before the United States

23  magistrate judge".  Mr. Mollah, did you sign this consent form?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  All right.  And Mr. Levin, you signed it

1    as well?

2                 MR. LEVIN:  Yes, Your Honor.

3                 THE COURT:  And you can remain seated.  That's fine.

4                 And Mr. Weintraub, you signed for the Government?

5                 MR. WEINTRAUB:  Yes, Your Honor.

6                 THE COURT:  All right.  Now, Mr. Mollah, turning back

7    to you, before you signed this consent form, did you have a

8    chance to discuss this form with your lawyer?

9                 THE DEFENDANT:   Yes, Your Honor.

10                THE COURT:  All right.  At this time, I find that the

11   Defendant is knowingly and voluntarily consenting to plead

12   before me and I'll go ahead and sign the consent form at this

13   time.

14                Mr. Mollah, before accepting your plea, there are a

15   number of questions I must ask you to assure myself that your

16   plea today is valid.  If you do not understand any of my

17   questions, please say so and I'll rephrase the question.  Do

18   you understand?

19                THE DEFENDANT:  Yes, Your Honor.

20                THE COURT:  All right.  What is your full name?

21                THE DEFENDANT:  Mahmud Hassan Mollah.

22                THE COURT:  How old are you?

23                THE DEFENDANT:  I'm 24 years old.

24                THE COURT:  And what schooling or education have you

25   had?

1          THE DEFENDANT:  I had my Associates degree in

2    Montgomery County Community College.

3          THE COURT:  All right, and you're able to speak and

4    understand English, correct?

5          THE DEFENDANT:  Correct.

6          THE COURT:  All right, are you under the care of a

7    doctor or psychiatrist at this time for any reason?

8          THE DEFENDANT:  No, Your Honor.

9          THE COURT:  All right, in the past 24 hours, have you

10   taken any drugs, medicine, pills, or consumed any alcoholic

11   beverages?

12         THE DEFENDANT:  No, Your Honor.

13         THE COURT:  All right, have you ever been

14   hospitalized or treated for any drug addiction, alcoholism, or

15   mental, or emotional problems?

16         THE DEFENDANT:  No, Your Honor.

17         THE COURT:  Is your mind clear today?

18         THE DEFENDANT:  Yes.

19         THE COURT:  All right, do you understand what's going

20   on here today?

21         THE DEFENDANT:  Yes, Your Honor.

22         THE COURT:  All right, have you understood everything

23   I've asked you so far?

24         THE DEFENDANT:  Yes, Your Honor.

25         THE COURT:  All right, now Mr. Mollah, as a Defendant

1    in a criminal case, you have the right to be represented by a

2    lawyer at every stage of your criminal case from when you are

3    arrested through trial and appeal.

4           If you cannot afford a lawyer, the Court will appoint

5    a lawyer to represent you.  Do you understand your right to

6    counsel?

7           THE DEFENDANT:  Yes, Your Honor.

8           THE COURT:  All right, is Mr. Levin who's seated next

9    to you, is he your lawyer?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  All right, if at any point in time you

12   wish to consult with him about anything, please let me know and

13   I'll permit you to do so.  Do you understand?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Have you had any difficulty in

16   communicating with your lawyer?

17          THE DEFENDANT:  Sorry, can you ask that again?

18          THE COURT:  Have you had any difficulty or trouble

19   communicating with your lawyer?

20          THE DEFENDANT:  No, Your Honor.

21          THE COURT:  All right, have you had enough time to

22   discuss with your lawyer your decision to enter a plea of

23   guilty in this case?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Are you fully satisfied with your

1    representation and advice your lawyer has provided to you so

2    far?

3              THE DEFENDANT:  Yes, Your Honor.

4              THE COURT:  All right, I turn to you Mr. Levin.  Have

5    you discussed this matter with your client?

6              MR. LEVIN:  Yes, Your Honor.

7              THE COURT:  All right.  And have you had any

8    difficulty in communicating with your client?

9              MR. LEVIN:  No, Your Honor.

10              THE COURT:  Are you satisfied that he understands the

11    rights he's waiving by pleading guilty today?

12              MR. LEVIN:  I am, Your Honor.

13              THE COURT:  Is he capable of understanding the nature

14    of these proceedings?

15              MR. LEVIN:  I believe so, Your Honor.

16              THE COURT:  Do you have any doubt at all about his

17    competence to plead at this time?

18              MR. LEVIN:  No, Your Honor.

19              THE COURT:  Have you advised him of the maximum and

20    minimum sentence and fine that could be imposed on him?

21              MR. LEVIN:  I have.

22              THE COURT:  Have you discussed with him the operation

23    of the Sentencing Guidelines and how those Guidelines could

24    affect his case?

25              MR. LEVIN:  I have, Your Honor.

1    THE COURT:  If it applies, have you discussed with

2  him any potential immigration consequences of his guilty plea?

3    MR. LEVIN:  I have, Your Honor.

4    THE COURT:  All right, now in addition to the consent

5  form that we just discussed, I have before me a waiver of an

6  indictment form.

7    As I understand the Government's proposed

8  information, the Information will be charging you with Mr.

9  Mollah with the crime of wire fraud conspiracy to file.  Do you

10  understand that?

11    THE DEFENDANT:  Yes, Your Honor.

12    THE COURT:  Now the Government cannot come to Court

13  and simply file a charge like this unless you agree to it.

14  Under the United States Constitution, you have a right to have

15  the evidence presented to a grand jury of at least 16 and not

16  more than 23 persons and have that grand jury determine whether

17  or not there was probable cause to believe you committed the

18  crime charged.

19    To get an indictment, the Government would have to

20  persuade a majority of the members of the grand jury that there

21  was probable cause to believe that you committed the offense

22  contained in the proposed Information.

23    If a grand jury found probable cause, they could

24  return what's called an indictment against you.  If not, no

25  charges would be brought against you.

1          So when you waive indictment, you give up the right

2     to have the grand jury make the determination and you say it's

3     okay for -- with you that the Government has come and filed a

4     charge directly with the Court.

5          Have you discussed with your lawyer the matter of

6     waiving your right to indictment by a grand jury?

7               THE DEFENDANT:  Yes, Your Honor.

8               THE COURT:  All right, and do you understand what

9     your right to be indicted by a grand jury?

10               THE DEFENDANT:  Yes, Your Honor.

11               THE COURT:  Mr. Levin, turning to you, have you

12     discussed with your client what it means to waive indictment?

13               MR. LEVIN:  I have, Your Honor.

14               THE COURT:  All right, and are you satisfied that

15     your client understands what it means to waive indictment?

16               MR. LEVIN:  I am, Your Honor.

17               THE COURT:  All right.  Do you see any reason why the

18     Defendant should not waive indictment?

19               MR. LEVIN:  No, Your Honor.

20               THE COURT:  All right, turning back to you, Mr.

21     Mollah, has anyone threatened or forced you to waive your right

22     to be indicted by a grand jury?

23               THE DEFENDANT:  No, Your Honor.

24               THE COURT:  Do you in fact wish to waive your right

25     to be indicted by a grand jury?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right, I have before me the waiver of

3    an indictment form, which states, and I'll read it for you, I

4    understand that I have been accused of one or more offenses

5    punishable by imprisonment for more than one year.

6          I was advised in open court of my rights and the

7    nature of the proposed charges against me.  After receiving

8    this advice, I waived my right to prosecution by indictment and

9    consent to the prosecution by Information.

10          Mr. Mollah, did you sign this waiver form?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  All right, and Mr. Levin, you signed it

13    as well?

14          MR. LEVIN:  Yes, Your Honor.

15          THE COURT:  All right.  And Mr. Levin, did you

16    witness your client signing this waiver form?

17          MR. LEVIN:  I did, Your Honor.

18          THE COURT:  All right.  All right, at this time,

19    having fully gone over the Defendant's rights to be indicted by

20    a grand jury and finding that the Defendant's waiver is knowing

21    and voluntary, I accept the waiver and I will sign it at this

22    time as well.

23          Mr. Mollah, I briefly summarized what the proposed

24    Information would charge if it was in fact permitted to be

25    filed due to this waiver of indictment form.

1          Mr. Mollah, you -- have you had a chance to review

2   this proposed Information?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  All right, and have you read the entire

5   document?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  And you read the substantive charge

8   against you, correct?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  All right.  I also note there's a

11   forfeiture allegation as well.  Did you read that as well?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  All right.  Do you believe you understand

14   the basic nature of the charge against you?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  All right.  This Information charges you

17   with a crime of wire fraud conspiracy.  In order for the

18   Government to convict you of that offense, it would have to

19   prove several elements beyond a reasonable doubt.

20          At this time, I will identify what those elements

21   are.  And after I read the elements, I will ask the attorneys

22   for both sides to confirm that I've accurately identified the

23   elements of the charge.

24          The elements of conspiracy to commit wire fraud are

25   as follows.  First, two or more persons formed an unlawful

1    agreement to commit the crime of wire fraud.

2              Second, the Defendant knowingly and intentionally

3    joined the conspiracy.

4              Now the elements of wire fraud are as follows.

5    First, that there's a scheme or artifice to defraud or to

6    obtain money or property by materially false and fraudulent

7    pretenses, representations, or promises.

8              Second, that the Defendant knowingly and willfully

9    participated in the scheme or artifice to defraud with

10   knowledge of its fraudulent nature and with specific intent to

11   defraud.

12             And third, in the execution of that scheme, the

13   Defendant used or caused the use of interstate wires.

14             Mr. Weintraub, have I accurately identified the

15   elements of the charge?

16             MR. WEINTRAUB:  Yes.

17             THE COURT:  All right, Mr. Levin, do you agree?

18             MR. LEVIN:  Yes, Your Honor.

19             THE COURT:  Turning back to you, Mr. Mollah, have you

20   had a conversation with your lawyer where he went over with you

21   what the Government would have to prove and by proof beyond a

22   reasonable doubt with respect to this charge?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  All right, do you understand the charge

25   against you and what the Government would have to prove to

1    convict you of that charge?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  All right, what I want to do now is go

4    over with you the rights that you have and the rights that

5    you'll be giving up if you pled guilty.

6              First of all, you have the right to plead not guilty.

7    Do you understand?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  All right.  What this means is that even

10   if you are guilty, you have a choice.  It is up to you to

11   decide what to do, not your lawyer or anyone else.  You may

12   withdraw your previously entered plea of not guilty and plead

13   guilty as you currently wish to do or you may choose to go to

14   trial simply by persisting in your plea of not guilty.  Do you

15   understand?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  If you plead not guilty to the charge,

18   you would have the right under the Constitution and laws of the

19   United States to a speedy and public trial before a jury with

20   the assistance of your lawyer on the charges.  Do you

21   understand?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  At any trial, you'd be presumed innocent.

24   You would not have to prove that you're innocent.  Under our

25   legal system, it is the Government that has the burden of proof

1    beyond a reasonable doubt that you're guilty of the crimes

2    charged.

3         If at any trial, the Government would fail to meet

4    that burden of proof, the jury would have to find you not

5    guilty.  Do you understand?

6         THE DEFENDANT:  Yes, Your Honor.

7         THE COURT:  That is why sometimes jurors return

8    verdicts of not guilty even though the jurors believe that the

9    Defendant on trial probably committed the crime charged.

10        When a jury returns a not guilty verdict, the jurors

11   are not saying they believe the Defendant is innocent.  They're

12   merely saying they're not convinced beyond a reasonable doubt

13   that the Defendant is guilty.  Do you understand that

14   difference?

15        THE DEFENDANT:  Yes, Your Honor.

16        THE COURT:  In the course of the trial, witnesses for

17   the Government would have to come into Court and testify in

18   your presence.

19        Your lawyer would have the right to cross-examine

20   each witness, to object to evidence offered by the Government,

21   and could offer evidence on your behalf.  Do you understand?

22        THE DEFENDANT:  Yes, Your Honor.

23        THE COURT:  Your lawyer would also have the right to

24   subpoena or compel witnesses to come to Court to testify.  Do

25   you understand?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  At trial, you would have the right to

3    testify on your behalf if you wanted to.  On the other hand,

4    you could not be forced to testify if you did not want to.

5          Under the Constitution and laws of the United States,

6    no person can be forced to be a witness against themself.  And

7    if you had a trial and did not testify, Judge DeArcy Hall would

8    instruct the jury that they could not hold that against you.

9    Do you understand?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  If instead of going to trial you plead

12    guilty to the crime charged, and if Judge DeArcy Hall accepts

13    your guilty plea, you'll be giving up your constitutional right

14    to a trial and all the other rights I've just discussed.

15    They'll be no trial in this case.  The Court will simply enter

16    judgment of guilty based upon your plea.  Do you understand?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  If you do plead guilty, I will have to

19    ask you questions about what you did in order to satisfy myself

20    and Judge DeArcy Hall that you're guilty of the crime charged.

21    You're going to have to answer my questions and acknowledge

22    your guilt.  This means that you'll be giving up your right not

23    to testify against yourself.  Do you understand?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Also, if you enter a plea of guilty

1    today, and you admit the criminal conduct alleged in the

2    Information, and Judge DeArcy Hall accepts your plea, you

3    cannot appeal to a higher court on whether you committed a

4    crime or not.  That is over by your plea.  Do you understand?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Are you willing to give up your right to

7    a trial and all the other rights I've just discussed?

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  All right.  I have before me a written

10   agreement between yourself and the Government.  It's been

11   marked as Government Exhibit 1 and dated October 30th, 2024.

12             Turning to the back of this agreement, Mr. Mollah,

13   you signed this agreement, correct?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  All right, Mr. Levin, you signed as well?

16             MR. LEVIN:  Yes, Your Honor.

17             THE COURT:  And Mr. Weintraub, you signed for the

18   Government?

19             MR. WEINTRAUB:  Yes.

20             THE COURT:  All right.  Mr. Mollah, do you have a

21   copy of the agreement with you or your lawyer?

22             THE DEFENDANT:  Yes, Your Honor.

23             THE COURT:  All right.  And Mr. Mollah, did you read

24   this agreement carefully before you signed it?

25             THE DEFENDANT:  Yes, Your Honor.

1            THE COURT:  All right, and did you review the

2    agreement with your lawyer?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  Did you also discuss it with your lawyer?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  All right, do you believe you understand

7    this agreement?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  All right.  Let me turn to the

10   Government.  Does the Government represent that the agreement

11   before this Court contains the entirety of any understanding

12   between the United States Attorney's Office and this Defendant?

13           MR. WEINTRAUB:  Yes.

14           THE COURT:  All right, turning to you, Mr. Levin,

15   have you read and reviewed the agreement with your client?

16           MR. LEVIN:  Yes.

17           THE COURT:  All right, and does this agreement that's

18   been marked as Government Exhibit Number 1 contain the entire

19   agreement that your client has entered into with the

20   Government?

21           MR. LEVIN:  Yes, Your Honor.

22           THE COURT:  All right, turning back to you, Mr.

23   Mollah, is there anything in this agreement that is not clear

24   or that you need explaining in any further detail at this time?

25           THE DEFENDANT:  No, Your Honor.

1        THE COURT:  Other than the promises contained in the

2   written agreement, has anyone made any other promises that have

3   caused you to plead guilty?

4        THE DEFENDANT:  No, Your Honor.

5        THE COURT:  All right, at this time, I'll be

6   referring to the agreement.  I want to carefully go over with

7   you, Mr. Mollah, what the penalties are for the crime to which

8   you may be pleading guilty.

9        The statute you're accused of violating carries a

10  maximum sentence of 20 years.  There's no mandatory minimum

11  sentence.

12       I want to advise you of the maximum Supervised

13  Release term that may be imposed and what it means if you

14  violate the conditions of your release.

15       The maximum Supervised Release term is three years to

16  follow any term of imprisonment.  If a condition of release is

17  violated, you may be sentenced to up to two years without

18  credit for pre-release imprisonment or time previously served

19  on post-release supervision.  A fine of up to $250,000 or twice

20  the gross gain or loss, whichever's greater may be imposed.

21       Let me turn to the Government.  Does the Government

22  have an estimate as to the gross gain or gross loss in this

23  case?

24       MR. WEINTRAUB:  Our estimate of the gross loss is

25  approximately $26,000.

1          THE COURT:  All right, my understanding to be precise

2     is that the estimated loss is $26,912.96.  Does that sound

3     right, Mr. Weintraub?

4          MR. WEINTRAUB:  Yes, Your Honor.

5          THE COURT:  All right, now twice that amount is

6     $53,825.92.  So the $250,000 I just mentioned earlier is

7     greater than that, okay?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  All right.  At the time of sentencing,

10    the Court will determine the amount of restitution that you'll

11    have to pay.

12          And in the agreement as well, you have consented to

13    forfeiture in the amount of $40,585.54 and agree to waive any

14    hearing or jury trial on the issue of forfeiture.

15          The Court must also impose a $100 special assessment

16    per count of conviction.  Also, in the event you are not a U.S.

17    citizen, a conviction could result in deportation.

18          Now in light of all these potential penalties, Mr.

19    Mollah, do you still wish to plead guilty today?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Mr. Mollah, I want to discuss with you

22    the sentencing scheme and how it works here in federal court.

23    Mr. Mollah, Judge DeArcy Hall does not have complete discretion

24    to impose a sentence outside of the maximum and minimum

25    sentence as set forth in the statute.  Do you understand that?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right, as a first step, the Court

3    must consider the advisory Sentencing Guidelines issued by the

4    United States Sentencing Commission in determining what is a

5    reasonable sentence in a criminal case.

6          While the Sentencing Guidelines are only advisory

7    now, they remain an important consideration in sentencing and

8    Judge DeArcy Hall will take that into account in determining

9    what sentence to give you.  Do you understand?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  Have you discussed with your lawyer the

12    Sentencing Guidelines and how those Guidelines are calculated?

13          THE DEFENDANT:  Yes, Your Honor.

14          THE COURT:  All right.  As a second step, the Court

15    must consider whether there are any factors present that would

16    allow the Court to depart from the advisory Guidelines either

17    upwardly or downwardly.

18          In addition, the Court must consider factors set

19    forth in 18 USC §3553(a) against all the facts and

20    circumstances of this case and it may be that what is called a

21    non-Guideline sentence may be appropriate.

22          The bottom line is that until the date of sentencing,

23    you cannot know with certainty what the Guidelines will be or

24    whether they'll be grounds to depart from them or whether the

25    Court will impose a non-Guideline sentence.  Do you understand?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  Prior to your sentencing hearing, Judge

3   DeArcy Hall will receive a Pre-Sentence Report from the

4   Probation Department, which will recommend a Guideline range.

5   Your lawyer will have the opportunity to read the Pre-Sentence

6   Report and challenge the facts in it as reported by the

7   Probation Department.  Do you understand?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  Nevertheless, it is important for you to

10  know what the possible Guideline sentences are based upon the

11  facts available at this point in time, keeping in mind that

12  this is a guess that could be wrong.  Do you understand?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  Let me turn back to the Government.  Does

15  the Government have an estimate as to the term of imprisonment?

16         MR. WEINTRAUB:  Yes, Your Honor, assuming 3 points

17  for acceptance of responsibility under criminal history

18  Category 1, the adjusted offense level would be 22, which

19  carries a Guidelines range of imprisonment of 41 to 51 months.

20         THE COURT:  All right.  Mr. Levin, do you agree with

21  that estimate range?

22         MR. LEVIN:  Yes, Your Honor.

23         THE COURT:  All right.  Mr. Mollah, the Government

24  estimates that the sentencing guidelines in this case could

25  result in a term of imprisonment anywhere from 41 to 51 months.

1    Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And do you also understand that this

4    estimate is not binding on the Government, Probation, or Judge

5    DeArcy Hall?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Do you also understand that if this

8    estimate is wrong, you'll not be permitted to withdraw your

9    plea of guilty.  Do you understand that?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  Now, Mr. Mollah, it's important for you

12   to know that Judge DeArcy Hall is not bound by anything in this

13   agreement or what the Government or your attorney estimate the

14   Sentencing Guidelines to be.

15             Judge DeArcy Hall can sentence you according to her

16   interpretation of the Sentencing Guidelines and the law.  Do

17   you understand?

18             THE DEFENDANT:  Yes, Your Honor.

19             THE COURT:  And although Judge DeArcy Hall will

20   consider the Sentencing Guidelines as one factor in determining

21   what sentence -- what your sentence will be, she has the

22   authority under the law to decide upon and impose a sentence

23   that is more severe or less severe than the Sentencing

24   Guidelines.

25             Finally, under the Guideline sentencing system,

1    there's no parole board or parole commission.  What this means

2    practically speaking is that whatever sentence you do receive

3    from Judge DeArcy Hall, that would be pretty close to the

4    actual amount of time you spend in prison.

5            You will not have the opportunity to appeal to the

6    parole board to get out early because there's no parole board

7    in the federal sentencing system.  Do you understand that?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  All right, also as referenced in the

10   agreement, you agree not to file an appeal or otherwise

11   challenge the conviction or sentence in the event that the

12   Court imposes a term of imprisonment of 57 months or below.

13           Do you understand that this provision means that if

14   the judge sentences you to any term in prison of 57 months or

15   below, that you cannot challenge whether or not that sentence

16   is permissible?  Do you understand that waiver?

17           THE DEFENDANT:  Yes.

18           THE COURT:  All right, now this waiver I just

19   discussed, is that voluntary?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Okay.  Also, nothing in the waiver of

22   appellate or collateral review rights shall prevent you from

23   raising a claim of ineffective assistance of counsel in the

24   appropriate form if you so desire.

25           All right, Mr. Mollah, at this time, do you have any

1    questions that you want to ask me about the charge or rights or

2    anything else that may not be clear to you?

3                    THE DEFENDANT:  No, Your Honor.

4                    THE COURT:  All right, Mr. Levin, let me turn to you.

5    Do you know of any reason why your client should not enter a

6    plea of guilty to the charge contained in the Information?

7                    MR. LEVIN:  No, Your Honor.

8                    THE COURT:  And are you aware of any legal defense to

9    the charge at this time?

10                   MR. LEVIN:  No, Your Honor.

11                   THE COURT:  All right, Mr. Mollah, turning back to

12   you, are you satisfied with your legal representation up until

13   this point?

14                   THE DEFENDANT:  Yes, Your Honor.

15                   THE COURT:  All right.  And are you ready to plead at

16   this time?

17                   THE DEFENDANT:  Yes, Your Honor.

18                   THE COURT:  All right, how do you plead to the charge

19   contained in the Information, guilty or not guilty?

20                   THE DEFENDANT:  Guilty.

21                   THE COURT:  Are you making this plea of guilty

22   voluntarily and of your own free will?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  Has anyone threatened or forced or

25   pressured you to plead guilty?

1            THE DEFENDANT:  No, Your Honor.

2            THE COURT:  Other than the agreement made before the

3    Court, has anyone made any promises to you that have caused you

4    to plead guilty?

5            THE DEFENDANT:  No, Your Honor.

6            THE COURT:  Has anyone promised you what sentence you

7    would receive from Judge DeArcy Hall if you pled guilty?

8            THE DEFENDANT:  No, Your Honor.

9            THE COURT:  All right, at this time, let me turn it

10   over to you.  Tell me in your own words what you did in

11   connection with the charge in the Information?  And if you're

12   going to read, read slowly.

13           THE DEFENDANT:  Sure.

14           THE COURT:  Okay?

15           THE DEFENDANT:  During March 2024 within the Eastern

16   District of New York and elsewhere, I knowingly agreed to

17   participate in a scheme to defraud a sports betting company, an

18   entity which is known to the U.S. Attorney by profiting from

19   bets made under false pretenses.

20               I agreed with my co-conspirators to alter the outcome

21   of certain professional basketball player proposition wagers

22   offered by the sports book on the basis of false reported

23   illness or injury, so that my co-conspirators and I could bet

24   on and profit from successful bets on expected player

25   performances including bets made on certain individual player

1    proposition wagers, specifically the unders (phonetic).

2              These bets were made electronically across interstate

3    wires.  I'm sorry for my actions and I hope to make it right.

4              THE COURT:  All right, Mr. Weintraub, does the

5    Government think I need any further allocution with respect to

6    this charge?

7              MR. WEINTRAUB:  No.

8              THE COURT:  All right.  And Mr. Weintraub, you also

9    confirm that the elements are satisfied?

10             MR. WEINTRAUB:  Yes, Your Honor.

11             THE COURT:  All right, Mr. Levin, let me turn to you.

12   Do you think this allocution is factually sufficient as well?

13             MR. LEVIN:  Yes, Your Honor.

14             THE COURT:  Mr. Weintraub, for the Government,

15   anything else needed for purposes of Rule 11?

16             MR. WEINTRAUB:  No, Your Honor.

17             THE COURT:  All right, Mr. Levin, do you agree?

18             MR. LEVIN:  Yes, Your Honor.

19             THE COURT:  All right, based on the information given

20   to me, I find that the Defendant Mr. Mollah's acting

21   voluntarily, that he fully understands the charge against him,

22   his rights, and the consequences of his plea, and that there

23   are factual basis for the plea as well, that the plea did not

24   result from any force, threats, or undisclosed promises.  And

25   it'll be my recommendation to Judge DeArcy Hall that she accept

1   Mr. Mollah's guilty plea to the charge contained in the

2   Information.

3               I have been informed by Judge DeArcy Hall's chambers

4   that a sentencing hearing has been scheduled for May 2nd, 2025

5   at 12:00 p.m. before her in courtroom 4H North.

6               All right, anything else from the Government today,

7   Mr. Weintraub?

8               MR. WEINTRAUB:  No, Your Honor.

9               THE COURT:  All right, Mr. Levin, anything else from

10  the Defendant?

11              MR. LEVIN:  No, Your Honor.

12              THE CLERK:  I'm sorry, Your Honor, May 2nd you said?

13              THE COURT:  Yeah, May 2nd, 2025.

14              THE CLERK:  Oh.

15              THE COURT:  Is that a weekday?

16              THE CLERK:  No, I was looking at March, my apologies.

17              THE COURT:  Okay, all right, we are adjourned.

18              MR. LEVIN:  Thank you, Your Honor.

19              THE COURT:  Have a nice day, everyone.

20          (Proceedings concluded at 11:01 a.m.)

21

22

23

24

25

**CERTIFICATE**

I, Chris Hwang, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

/s/ *Chris Hwang*
_____          November 4, 2024
Chris Hwang                  Date
Court Reporter